## The Theresina.[1]

### Lloyd v. The Theresina.

#### (District Court, E. D. New York.  May 27, 1887.)

Negligence—What Amounts to—Scuttle in Deck—Misplaced Cover.
> Libelant, a stevedore, stepped on the cover of a scuttle in the deck of a ship, when the cover tilted, precipitating libelant through the scuttle into the hold, causing injury for which this suit was brought. The evidence indicated that the scuttle was a proper one, of a kind in common use, and that the accident was probably due to a temporary misplacement of the cover, the cause of which did not appear. *Held*, that no negligence in the ship-owner was proved, and libelant could not recover.

In Admiralty.

Libel to recover damages for personal injuries, received on board the steam-ship Theresina.

*Wm. H. Duryea*, for libelant.

*Owen & Gray*, for claimants.

Benedict, J.  The libelant was a stevedore at work upon the cargo of the ship in the between-decks.  This deck was so constructed that a portion of it, in some places, could, as occasion required, be taken up for the purpose of reaching the lower hold just below it.  That is to say, there were several scuttles left in the deck, and to these were fitted covers.  These scuttles had no coamings, and the covers when in place were flush with the deck.  They were without rings or hinges.  They rested on stanchions, and were kept in place by being driven down tight between the permanent planks of the adjacent deck.  One of these scuttles was near where the libelant was at work, and about half way between the wings and the hatch.  The libelant, having occasion to move for a passing hand-truck, stepped on the cover of this scuttle.  The cover tilted, and allowed him to fall through the scuttle into the hold below. The fall caused injuries for which this suit is brought against the ship.

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

The evidence forbids a conclusion that the accident which befell the libelant was caused by negligence on the part of the owner of the ship. The scuttle through which the libelant fell was properly constructed, and such scuttles are common in the between-decks of steamers. The cover provided for this scuttle was a proper cover, sufficient to bear any weight, and so fitted as to be secure when in place. On the morning in question, cargo had been trucked over this cover in safety before the accident, and after the accident the cover, which remained unbroken, was put back in place, where it has since proved safe and sufficient.

The condition and character of the cover compels the inference that the cause of the accident was a temporary misplacement of the cover, which permitted the cover to tilt under the libelant's weight. How the cover came to be misplaced does not appear. No witness saw it misplaced, or knew of its misplacement. If any inference is to be drawn as to the cause of the misplacement, it is that the cover was disturbed in its place by some one of the trucks which, in the morning in question, had been hauled over it by fellow-workmen of the libelant. I am unable, therefore, to see how the libelant can recover against the ship. If the cover of the scuttle had broken under the libelant's weight, as is charged in the libel, a different case would have been presented. But the cover was not faulty in construction. It did not break, but simply tilted, and then because it had been disturbed in its place by some unknown person.

The libel must be dismissed, with costs.